United States District Court
Southern District of Texas
FILED

APR 1 2 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RITA SALINAS ELDERKIN | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. B 01-055 |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | |

## MEMORANDUM IN SUPPORT OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, the Defendant in the above referenced cause, and files this *Memorandum in Support of Removal* in order to clarify the issues for the Court and in support of Defendant's removal of this cause from the 107th Judicial District Court of Cameron County, Texas.

1.   Removal is governed by 28 U.S.C. 1441 and 1446.  U.S.C. §1441(a) provides that "...any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant or Defendants, to the district court... for the district and division embracing the place where such action is pending."

2.   28 U.S.C. §1446 contains the procedure for removal.  Section 1446(a) requires a statement of removal with a short and plain statement of the grounds for removal together with the papers served upon the Defendant(s) in the state court action. When an action is not initially removable, the Defendant has thirty (30) days after it receives a copy of "other paper from which it may first be ascertained" that the case is or has become removable. 28 U.S.C. §1446(b).

3.   This case is removable due to the existence of diversity jurisdiction.  The United States District Court has jurisdiction based on diversity pursuant to 28 U.S.C. §1332(a)(1).  The district court has original jurisdiction of all civil actions where the

amount in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states.

    4.    The Plaintiff is a resident of the State of Texas. The Defendant is a foreign corporation to Texas having its principal place of business in Bloomington, Illinois; thus, complete diversity exists.

    5.    The suit was initially filed in state court on January 2, 2001. It was only upon receiving the Plaintiff's answers to interrogatories on March 20, 2001, that Defendant first ascertained that the amount in controversy exceeded the sum of $75,000, exclusive of interest and costs. Within thirty (30) days thereafter, Defendant timely exercised its right of removal. <u>S.W.S. Erectors, Inc. v. Infax, Inc.</u>, 72 Fd3d 489, (5th Cir. 1996).

WHEREFORE PREMISES CONSIDERED, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY prays that the Court consider the authorities cited; schedule the case for trial; and, for such other and further relief that Defendant may show itself justly entitled.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, Texas 78551-1429
956-428-7495
956-428-2954 (Fax)

By: _____
CRAIG H. VITTITOE
Federal Bar I.D. No. 18756
State Bar No. 20593900

ATTORNEYS FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the above and foregoing instrument was forwarded to the following attorney of record, on this the \_\_12\_\_ day of April, 2001:

<u>VIA CM/RRR NO. 7000 1670 0000 0475 8326</u>
Ms. Janice A. Cassidy
**LAW OFFICE OF JANICE A. CASSIDY**
P. O. Box 592
San Benito, TX 78586

_____
Craig H. Vittitoe