/0

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 8 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RITA SALINAS ELDERKIN : | |
| VS. : | CIVIL ACTION NO. B-01-055 |
| : | (JURY DEMANDED) |
| STATE FARM MUTUAL AUTOMOBILE : | |
| INSURANCE COMPANY : | |

## SUPPLEMENTAL MEMORANDA IN SUPPORT OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, the Defendant in the above referenced cause, filing this its *Supplemental Memoranda in Support of Removal* in order to clarify the issues for the Court in support of Defendant's removal of this cause from the 107th Judicial District Court of Cameron County, Texas.

1. This case is removable due the existence of diversity jurisdiction. The United States District Court has original jurisdiction of all civil cases when the amount of controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §1332(a)(1).

2. This is an underinsured motorist case in which the Plaintiff also alleges that the Defendant breach the implied covenant of good faith and fair dealing. Such claims are by their very nature each independent of the other. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 SW2d 627 (Tex. 1996) citing *Viles v. Security Nat'l Ins. Co.*, 788 SW2d 566, 567 (Tex. 1990).

3. Regarding the underinsured motorists claim, Defendant afforded the Plaintiff uninsured/underinsured motorists coverage with limits of $20,000 per person and $40,000 per occurrence arising out of the motor vehicle accident made the basis of suit.

4.  When this suit was initially filed in State court on January 2, 2001, the amount in controversy was not readily apparent from the face of the complaint (Plaintiff's Original Petition). It was only upon receiving Plaintiff's answers to interrogatories answers to request for disclosures on March 20, 2001 that Defendant received information that the Plaintiff's claim for damages exceeded the jurisdictional threshold of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a). Such was learned in response to request for production "D" and answer to interrogatory #13 as is stated verbatim as follows:

**Request for Disclosure "D"**

**The amount and any method of calculating economic damages;**

ANSWER:   $180,000 for UIM claim and $2.5 million for bad faith claim. Approaching four years post-accident, Plaintiff continues to suffer from injuries sustained on May 8, 1997. A well respected Orthopedic Surgeon will testify that she requires surgery costing in excess of $50,000.

| UIM - | | |
|---|---|---|
| | Medical Expenses to Date: | $ 9,219.22 |
| | Future Surgical | $53,200.00 |
| | Loss of earnings/earning capacity | $21,000.00 |
| | Pain and Suffering: | $96,580.78 |

**Interrogatory #13**

**Please state how much money you seek to recover for each element of damage you are claiming and explain the method by which you calculate that amount.**

ANSWER:

Plaintiff seeks to recover 2.5 million for the bad faith claim and $180,000.00 for the UIM claim. See answer to Request for Disclosure D.

5.   Under 28 U.S.C. §1446(b), when an action is not initially removable, the Defendant has thirty (30) days after it receives a copy of the "other paper from which it may first be ascertained" that the case is or has become removable. <u>S.W.S. Erectors, Inc. v. Infax, Inc.</u>, 72 Fd3d 489, (5th Cir. 1996). By this action, Defendant exercises its right to remove this action within the 30-day window of opportunity.

6.   The statutory language provides the time period for removal, as follows:

> "(b) the notice of removal of a civil case or proceeding shall be filed within thirty (30) days after the receipt by the Defendant, through service or otherwise, of a <u>copy of the initial pleadings</u> setting forth the claim for relief upon which such action or proceeding is based, or within thirty (30) days after the service of summons upon the Defendant if such initial pleadings has then been filed in court and is not required to be served on the Defendant which ever period is shorter a copy of the initial pleading".
>
> If the case stated by the <u>initial pleading</u> is not removable, a notice of removal may be filed within thirty (30) days after receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other</u> <u>paper</u> from which it may first be ascertained that the case is one of which is <u>or</u> <u>has</u> <u>become</u> <u>removable</u>....[emphasis added]"
> 28 U.S.C. §1746(b)

7.   The Plaintiff maintains in her Motion to Remand that Defendant received "other papers" during the pendency of the claim handling and <u>prior</u> <u>to</u> the filing of lawsuit which allowed State Farm Mutual Automobile Insurance Company to ascertain the removability of this action within thirty (30) days of the Defendant's receipt of the initial pleading. Notwithstanding Plaintiff's averments such is not the law in the Fifth Circuit. The Defendant is under no duty to exercise due diligence to speculate whether a case is removable prior to the receipt of the initial pleading. See <u>Chapman v. Paramedic, Inc.</u>, 969 Fed 2d 160 (5th Cir. 1992, cert. den'd, 507 U.S. 967, 113 S.Ct. 1402, 122 L.E.2d 774). [*Plaintiff contended that Defendant's receipt of medical billings <u>prior</u> <u>to</u> filing suit invoked amount in controversy jurisdiction*]. As stated by the Fifth (5th) Circuit in <u>Chapman</u> "We adopt this rule because we conclude that it promotes certainty and judicial efficiency by not requiring the court to inquire into what a particular Defendant may or may not subjectively know". <u>Chapman</u> at 163.

WHEREFORE, PREMISES CONSIDERED, because the case was timely removed, State Farm Mutual Automobile Insurance Company prays that the court deny the Plaintiff's Motion to Remand; and, in doing so, retain jurisdiction of this case upon the court's docket.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, Texas 78551-1429
956-428-7495
956-428-2954 (Fax)

By: _____
 CRAIG H. VITTITOE
Federal Bar I.D. No. 18756
State Bar No. 20593900

ATTORNEYS FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the above and foregoing instrument was forwarded to the following attorney of record, on this the ___17___ day of May, 2001:

**VIA CM/RRR NO. 7000 1670 0013 4635 3125**
Ms. Janice A. Cassidy
**LAW OFFICE OF JANICE A. CASSIDY**
P. O. Box 592
San Benito, TX 78586

_____
Craig H. Vittitoe

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
~~FILED~~ Received
MAY 2 3 2001
Michael N. Milby
Clerk of Court

| | |
|---|---|
| **RITA SALINAS ELDERKIN** § | |
| § | |
| v. § | **CIVIL ACTION NO. B-01-055** |
| § | (JURY DEMANDED) |
| § | |
| **STATE FARM MUTUAL AUTOMOBILE** § | |
| **INSURANCE COMPANY** § | |

STATE OF ILLINOIS )
)
COUNTY OF McLEAN )

### AFFIDAVIT OF GREG CLAPPER

BEFORE ME, the undersigned authority, on this day personally appeared GREG CLAPPER, known to me to be the person whose name is subscribed to the following instrument, and having been by me first duly sworn upon his oath deposes and states as follows:

1. My name is GREG CLAPPER. I am an Assistant Vice President-Accounting of State Farm Mutual Automobile Insurance Company ("State Farm") and my office is located at One State Farm Plaza, Bloomington, Illinois 61710-0001. I am of sound mind, over 18 years of age, and I am competent to make this Affidavit. The statements contained herein are true and correct and are based on my personal knowledge. Among my job duties, I have responsibility for the preparation and filing of the Annual Statement of State Farm. I am also an Assistant Secretary-Treasurer of State Farm.

2. State Farm is a mutual insurance company organized and incorporated under the laws of the state of Illinois on March 29, 1922. State Farm's statutory home office, main administrative office and mailing address as reported in its Annual Statement are all located in

Affidavit of GREG CLAPPER
Page 1 of 2

Bloomington, Illinois, and the primary location of its books and records is in Bloomington, Illinois.

3.      State Farm is licensed to conduct the business of insurance in all 50 states, the District of Columbia, and, in Canada, the Provinces of Alberta, New Brunswick, and Ontario.

4.      State Farm's legal, accounting, systems, human resources, agency, and other operations are housed in Bloomington, Illinois, its Board of Directors meets primarily in Bloomington, Illinois, and its General Counsel's office is located in Bloomington, Illinois. The federal income tax returns of State Farm are prepared in Illinois and filed from Illinois. Income taxes due with such returns are paid by transfers from accounts in Illinois. The corporate accounting and investment functions of State Farm are conducted in Illinois. The corporate officers of State Farm are elected in Illinois. State Farm's principal underwriting and marketing operations occur at its Bloomington, Illinois offices. All corporate general operational departments of State Farm are located in Illinois.

FURTHER, AFFIANT SAYETH NOT.

Executed this 18th day of May, 2001, at Bloomington, Illinois.

_____
GREG CLAPPER, Affiant

SUBSCRIBED AND *Affirm* ~~SWORN~~ to before me this 18th day of May, 2001.

_____
Notary Public

"OFFICIAL SEAL"
DORIS J. FEHR
Notary Public, State of Illinois
My commission expires 10/26/02

Affidavit of GREG CLAPPER
Page 2 of 2

LAW OFFICES OF

# ADAMS & GRAHAM, L.L.P.
AFFILIATED WITH HILL GILSTRAP RIGGS ADAMS & GRAHAM, L.L.P.

222 E. VAN BUREN, WEST TOWER
P. O. DRAWER 1429
HARLINGEN, TEXAS 78551
TEL. (956) 428-7495    FAX (956) 428-2954
adamsgraham.com

CRAIG H. VITTITOE
Partner

AFFILIATE OFFICES
AUSTIN
CHICAGO
DALLAS/FORT WORTH
LITTLE ROCK

United States District Court
Southern District of Texas
RECEIVED
MAY 23 2001
Michael N. Milby, Clerk of Court

May 23, 2001

Mr. Michael Milby, Clerk                **HAND-DELIVERED**
**UNITED STATES DISTRICT COURT**
*Southern District, Brownsville Division*
P.O. Box 2299
Brownsville, Texas 78520

Re:   Civil Action No. B-01-055
      Rita Salinas Elderkin vs. State Farm Mutual Automobile Insurance Company
      Our File No. S-1752

Dear Mr. Milby:

As referenced in my correspondence of May 17, 2001 wherein I forwarded for filing **DEFENDANT'S SUPPLEMENTAL MEMORANDA IN SUPPORT OF REMOVAL**, I enclose the original and two (2) copies of an **Affidavit** setting forth facts in support of the Defendant's principal place of business of Bloomington, Illinois.

We are, by copy of this letter, this date mailing a copy of the enclosed document to Plaintiff's attorney as shown below.

Thank you for your kind attention and courtesies.

Sincerely,

ADAMS & GRAHAM, L.L.P.

CRAIG H. VITTITOE

CHV:mrq
Enclosure:    1) Affidavit of State Farm Mutual Automobile Insurance Company to accompany Defendant's Supplemental Memoranda in Support of Removal

Mr. Michael Milby, Clerk
**UNITED STATES DISTRICT CLERK**
*Southern District, Brownsville Division*
May 23, 2001
Page 2

xc:   <u>CM/RRR # 7000 1670 0013 4635 3156</u>           <u>**letter & enclosures**</u>
      Ms. Janice A. Cassidy
      **LAW OFFICE OF JANICE A. CASSIDY**
      P. O. Box 592
      San Benito, TX 78586

[7mrq]; C:\FILES\S\S1752\FEDERAL\CLK\CLERK.005

ClibPDF - www.fastio.com