*12*

United States District Court
Southern District of Texas
FILED

JUL 0 9 2001

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

RITA SALINAS ELDERKIN           :
                                :
VS.                             :           **CIVIL ACTION NO. B-01-055**
                                :                (JURY DEMANDED)
STATE FARM MUTUAL AUTOMOBILE    :
INSURANCE COMPANY               :

---

## DEFENDANT'S AMENDED MOTION
## FOR SEVERANCE AND ABATEMENT

COMES NOW, Defendant State Farm Mutual Automobile Insurance (hereafter referred to as "State Farm") and files this **Defendant's Amended Motion to Sever and Abate** (original motion filed in State court entitled Defendant, State Farm Mutual Automobile Insurance Company's Motion for Severance and Abatement) and in support thereof states the following:

### I.

### SUMMARY OF MOTION

Plaintiff has sued Defendant for underinsured motorist benefits and additionally, for the extra-contractual tort of breach of the implied covenant of good faith and fair dealing. Uninsured/underinsured motorists claims and extra-contractual tort claims are recognized as separate and distinct causes of action, each of which constitute a complete lawsuit within itself. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W. 2d 627, (Tex. 1996); *State Farm vs. Wilborn*, 835 S.W. 2d 260 (Tex. App. 14th District 1992, no writ); *Saint Paul Insurance Company vs. McPeak*, 641 S.W. 2d 284, 289 (Tex. App. Houston

14th District 1982, writ refused N.R.E.);   *Maryland American General Insurance Company vs. Blackmon*, 639 S.W. 2d 455 (Tex. 1982).

## II.

## GROUNDS FOR MOTION

Plaintiff's extra-contractual claim must be severed and abated until the contract claim between the parties is resolved because:

1)     State Farm made an offer to settle this case prior to litigation.   Under *Liberty Nat'l Fire Insurance v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996), severance and abatement are required;

2)     State Farm owes no contractual duty to pay under the policy until a judgment is obtained. *Henson v. Southern Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, (Tex. 2000).  Thus compelling circumstances requiring abatement exist; and

3)     Thus concepts of equity and judicial economy mandate severance and abatement. *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.-Houston [1st Dist.] 1993, orig. proceeding).

## III.

## BACKGROUND

This lawsuit relates to the claim against State Farm for uninsured motorists benefits based upon an automobile accident that occurred on or about May 8, 1997. The policy provides that State Farm:

will pay damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of bodily injury sustained by a **covered person,** or **property, damages,** caused by an accident.

Plaintiff alleges that she has suffered damage and or injury as a result of the accident but that he has not recovered an amount sufficient to cover her actual damages.  State Farm made an offer to settle Plaintiff's claim prior to the litigation.  See Exhibit "A".

Plaintiff rejected State Farm's offer and subsequently used State Farm for the breach of its contractual duties.  Plaintiff also brought claims for breach of the implied covenant of good faith and fair dealing for the alleged refusal to pay benefits Plaintiff asserts she is entitled to receive.  (See Plaintiff's Original Petition, XI.)

## IV.

## BRIEF IN SUPPORT

### A. Severance is Mandatory

In _Liberty Nat'l Fire Ins. Co. v. Akin_, 927 S.W.2d 627, 630 (Tex. 1996), the Texas Supreme Court recognized that severance of extra-contractual claims was required when a settlement offer had been made to the plaintiff.[1]  _Liberty Nat'l_ held that insurers are "unfairly prejudiced by having to defend the contract claim at the same time and before the same jury that would consider evidence that the insurer had offered to settle the entire dispute."  _Id._

---

[1]_E.G., Mid-Century Ins. Co. v. Lerner_, 901 S.W.2d 749, 752-53 (Tex. App.-Houston [14th Dist.] 1995, orig. proceeding); _Northwestern Nat'l Lloyds Ins. Co. v. Caldwell_, 862 S.W.2d 44, 46-47 (Tex. App-Houston [14th Dist] 1995, orig. proceeding); _F.A. Richard & Assocs. v. Millard_, 856 S.W.2d 765, 767 (Tex. App.-Houston [1st Dist] 1993, orig, proceeding); _United States Fire Ins. Co. v. Millard_, 847 S.W.2d 668, 673 (Tex. App.-Houston [1st Dist] 1993, orig. proceeding); _State Farm Mut. Auto. Ins Co. v. Wilborn_, 835 S.W.2d 260, 262 (Tex. App.-Houston [14th Dist] 1992, orig. proceeding).

In the present case, State Farm offered to settle the entire dispute to the time litigation was filed. As recognized by *Liberty Nat'l*, evidence of settlement offers is generally inadmissible in litigation between the parties because such information tends to be interpreted by juries as an admission of liability. In cases where settlement offers have been made by the insurer, the extra-contractual claims of the present of the plaintiff must be severed and abated. *Liberty Nat'l*, 927 S.W.2d at 629.

## B. Abatement is Mandatory

### 1. Conditional Nature of Claims Requires Abatement

*a. Extra-contractual Claims Conditioned Upon Success of Contract Claim*

"[I]n most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract. *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995)." *Liberty Nat'l*, 927 S.W.2d at 629. In the present case, Plaintiff's extra-contractual claim necessarily requires a finding that Plaintiff is entitled to recover under the policy.

*b. UM Claims, by Nature, as Conditional*

UM claims in general, whether combined with extra-contractual claims or not, are dependant upon the insured's ability to establish a condition precedent. The Uninsured/Underinsured Motorists provision of the policy provides as follows:

> We will pay damages which of an covered person is **legally entitled to recover** from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person or property damage, caused by an accident.

(emphasis added). This insuring clause has been interpreted to place a condition precedent upon recovery of UM benefits. *Sikes v. Zuloaga*, 830 S.W.2d 752, 753

(Tex.App.-Austin 1992, no writ).  The Austin Court of Appeals explained its reasoning

as follows:

> Sikes' insurance policy, evidence in this case, contains limiting language in the uninsured-motorist provisions to the effect that the insurance will pay for only those damages which a covered person is "legally entitled to recover" from the owner/operator of an uninsured vehicle.  The insurance company contends that this clause creates a condition precedent to any duty to pay under the policy.  We agree.
>
> .... In interpreting the clause "legally entitled to recover," as used in uninsured-motorist policies, the Texas Supreme Court has determined that "the insured must be able to show fault on the part of the uninsured motorist and the extent of the resulting damages..." *Franco v. Allstate Ins. Co.*, 505 S.W.2d 789, 792 (Tex. 1974); see also *United Servs. Auto. Ass'n v. Blackmore*, 782 S.W.2d 277, 279 (Tex.App. 1989, writ denied).
>
> Interpreting the clause in question to place a condition precedent upon recovery is also consistent with the law governing third-party recovery under a liability-insurance contract.  A victim of an auto accident cannot make a claim against the liability insurance company of an insured driver until the victim establishes, by judgment or agreement, that the insured driver is legally obligated to pay damages. *State Farm County Mut. Ins. Co. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989).  We find this reasoning applicable to Sikes' claim.  We agree with Allstate that uninsured motorist coverage is designed to place the injured party in the same position as if the other motorist had been insured. *Greene v. Great Am. Ins. Co.*, 516 S.W.2d 739, (Tex.Civ.App. 1974, writ ref'd n.r.e.).

*Sikes*, 830 S.W.2d at 753-754.  See also, *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d

807, 811 (Tex.App.-Austin 1994, writ denied).

Until this condition precedent is met, State Farm is under no contractual duty to

pay benefits.  *Henson v. Southern Farm Bureau Casualty Insurance Company*, 41

Tex.Sup.Ct.J. 652 (April 20, 2000).  In Henson the Texas Supreme Court considered a

carrier's liability for pre-judgment interest in a suit to recover UM/UIM benefits.  The

Court held "[b]y the terms of the policies, no obligation to pay the claim existed until the

jury established [the tortfeasor's] liability."  See also _Hohenberg Bros. Co. v. George E. Gibbons & Co._, 537 S.W.2d 1,3 (Tex. 1976)("Conditions precedent...must occur before there is a right to immediate performance and before there is a breach of contractual duty."); _Life Ins. Co. of the Southern v. Verex_, 810 S.W.2d 416, 418 (Tex.App.-Dallas 1991, no writ); _Baker v. Lockheed Aircraft Service Co._, 584 S.W.2d 369, 373 (Tex.Civ.App.-San Antonio 1979, writ ref'd n.r.e.)("When a promise is subject to a condition precedent, the promisor cannot be held liable until the occurrence of the condition").

Without an obligation to pay, State Farm cannot be in breach of a contractual, much less in breach of extra-contractual obligation.  See _Republic Ins. Co. v. Stoker_, 803 S.W.2d 338, 341 (Tex. 1995).

### c.  Conditional Claims Must be Abated

In _Liberty Nat'l_, the Supreme Court acknowledged that abatement is appropriate where the extra-contractual claim is dependent. _Liberty Nat'l_, 927 S.W.2d at 631.  The rationale for such a conclusion is threefold.  First, the possibility exists for conflicting decisions.  Second, the trial court is, in effect, issuing an advisory opinion in the bad faith case.  This does not arise only after trial of the severed claim, but also when either party makes a dispositive or partially dispositive motion.

Finally, simultaneous litigation presents a waste of judicial resources.  _U.S. Fire Ins. Co. v. Millard_, 847 S.W.2d 668, (Tex.App-Houston[1st Dist.] 1993, orig. proceeding)(An abatement should accompany a severance to prevent the "effort and expense of conducting discovery and preparing for trial of claims that may be disposed of in a previous trial.")

*WHEREFORE, PREMISES CONSIDERED*, Defendant request the Court to grant the relief requested and grant such other relief to which Defendant may show itself justly entitled.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, Texas 78551-1429
956-428-7495
956-428-2954 (Fax)


By:_____
   **CRAIG H. VITTITOE**
   Federal Bar I.D. No. 18756
   State Bar No. 20593900

ATTORNEYS FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the above and foregoing instrument was forwarded to the following attorney of record, on this the _____ day of July, 2001:

**VIA CM/RRR NO. 7000 1670 0013 4635 2869**

Ms. Janice A. Cassidy
**LAW OFFICE OF JANICE A. CASSIDY**
P. O. Box 592
San Benito, TX 78586

_____
Craig H. Vittitoe

State Farm Insurance Companies



HARLINGEN SERVICE CENT
P.O. BOX 531768
505 S. "P" ST.
HARLINGEN, TX 78553-170
PHONE: 956-427-8200

May 9, 2000

Janice A. Cassidy
Attoney At Law
P.O. Box 592
San Benito, TX 78586

RE:   Claim Number:  53-C011-546
      Date of Loss:  May 8, 1997
      Our Insured:  Rita B. Salinas
      Your Client:  Rita B. Salinas

Dear Ms. Cassidy:

We have concluded our evaluation of the claim pending for Rita B.
Salinas. Based upon the documentation you have provided we are
offering $500.00 to conclude your client's claim.

Once you have had the opportunity to discuss this offer with your
client, please contact me so that we may get this matter
concluded.  If you have additional documentation to support your
client's claim, please forward it to me as soon as possible.

Sincerely,

Rosie L. Salinas
Claim Specialist
(956) 427-8216

State Farm Mutual Automobile Insurance Company



HOME OFFICES:   BLOOMINGTON, ILLINOIS 61710-0001



EXHIBIT
"A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

RITA SALINAS ELDERKIN         :

                                    :

VS.                              :        **CIVIL ACTION NO. B-01-055**
                                            (JURY DEMANDED)

STATE FARM MUTUAL AUTOMOBILE  :
INSURANCE COMPANY            :

---

## ORDER SETTING HEARING ON DEFENDANT'S AMENDED MOTION FOR SEVERANCE AND ABATEMENT

---

BE IT REMEMBERED, that on the date shown below **DEFENDANT'S AMENDED MOTION FOR SEVERANCE AND ABATEMENT** having been presented to the Court, the Court is of the opinion that said Motion should be set for hearing;

*IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED* by the Court that **DEFENDANT'S AMENDED MOTION FOR SEVERANCE AND ABATEMENT** should be and the same is hereby set for hearing before this Court at _____ o'clock _____.m. on the _____ day of _____, 2001.

Clerk is to notify all counsel of record.

DONE this the _____ day of _____, 2001 in Brownsville, Texas.

_____
***UNITED STATES DISTRICT JUDGE***
*SOUTHERN DISTRICT OF TEXAS*
*BROWNSVILLE DIVISION*

*Copies to:*
Craig H. Vittitoe
**ADAMS & GRAHAM, L.L.P.**
P.O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, TX 78551-1429

Janice Cassidy
**LAW OFFICE OF JANICE A. CASSIDY**
550 N. Sam Houston
P.O. Box 592
San Benito, TX 78586

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RITA SALINAS ELDERKIN                     :
                                          :
VS.                                       :          **CIVIL ACTION NO. B-01-055**
                                          :                 (JURY DEMANDED)
STATE FARM MUTUAL AUTOMOBILE    :
INSURANCE COMPANY                         :

---

## ORDER  GRANTING STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S AMENDED MOTION FOR SEVERANCE AND ABATEMENT

---

**BE IT REMEMBERED** that *STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S Amended Motion for Severance and Abatement* came on to be heard, and the Court after considering the Motion, the evidence in support thereof, and argument of counsel, is of the opinion that said Motion should be in all things **GRANTED**;

*IT IS THEREFORE ORDERED, ADJUDGED and DECREED* as follows:

1)  That Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S Amended Motion for Severance and Abatement is hereby GRANTED;

2)  That the underinsured motorist cause of action alleged is a separate and distinct cause of action from the alleged extra-contractual cause(s) of action;

3)  That the underinsured motorist cause of action alleged is to be SEVERED and tried separate from and without reference to the alleged extra-contractual cause(s) of action; and

4)   That all proceedings, including but not limited to discovery proceedings, associated with the alleged extra-contractual cause(s) of action are hereby ABATED until such further Order of the Court and any such further Order shall not be entered until there has been a final disposition of the underinsured motorist cause of action alleged.

*DONE* this _____ day of _____, 2001 in Brownsville, Texas.

_____

**UNITED STATES DISTRICT JUDGE**
*SOUTHERN DISTRICT OF TEXAS*
*BROWNSVILLE DIVISION*

*Copies to:*

Craig H. Vittitoe
**ADAMS & GRAHAM, L.L.P.**
P.O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, TX 78551-1429

Janice Cassidy
**LAW OFFICE OF JANICE A. CASSIDY**
550 N. Sam Houston
P.O. Box 592
San Benito, TX 78586