

*16*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
**FILED**

**AUG 0 1 2001**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RITA SALINAS ELDERKIN | : | |
| | : | |
| VS. | : | **CIVIL ACTION NO. B-01-055** |
| | : | (JURY DEMANDED) |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | |

---

## DEFENDANT'S MOTION TO DETERMINE PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS (SECOND SET)

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Movant, State Farm Mutual Automobile Insurance Company, the Defendant in this cause, filing this motion entitled **Defendant's Motion to Determine Plaintiff's Responses to Request for Admissions (Second Set)** pursuant to Rule 36, Federal Rules of Civil Procedure, respectfully showing the Honorable Court as follows:

**I.**

On June 28, 2001 Movant served Defendant, State Farm Mutual Automobile Insurance Company's Second Request for Admissions to Plaintiff, Rita Salinas Elderkin by serving Plaintiff's counsel of record, Janice A. Cassidy. A true and correct copy of the request for admissions together with exhibits is attached as Exhibit "A" and incorporated for all purposes.

**II.**

On July 31, 2001, the Plaintiff served upon Movant its Plaintiff's Responses to Request for Admissions (Second Set). Such is attached to this motion and marked as Exhibit "B".

In presenting its responses the Plaintiff has presented objections which are frivolous and calculated to frustrate discovery.

III.

Rule 36, Federal Rules of Civil Procedure, provides that the requesting party to the admissions may move to determine the sufficiency of the answers and/or objections.

*WHEREFORE, PREMISES CONSIDERED*, Movant prays for a hearing and that upon due consideration that the court overrule the Plaintiff's objections to Request for Admissions 4, 5, 16, 18, 22, 23, 24, 25, 26, 29, 30, 31, 33, 34 and 35. Additionally, in overruling the objections, that the court deem either "admit" the Request for Admissions or direct the Plaintiff to provide appropriate responses. Furthermore, that the court "admit" Request for Admission No. 3 as a response was not provided by Plaintiff. Additionally, that the court direct the Plaintiff to serve responses to the Request for Admissions pursuant to the Federal Rules of Civil Procedure as opposed to the Texas Rules of Civil Procedure [sic] as recited by the Plaintiff in the response. Lastly, that the court direct the Plaintiff to respond to each of the Request for Admissions in proper form and for such and further relief that Movant may be entitled.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, Texas 78551-1429
956-428-7495
956-428-2954 (Fax)

By:_____
**CRAIG H. VITTITOE**
Federal Bar I.D. No. 18756
State Bar No. 20593900

ATTORNEYS FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the above and foregoing instrument was forwarded to the following attorney of record, on this the _____ day of July, 2001:

**VIA CM/RRR NO. 7000 1670 0013 4635 2739**

Ms. Janice A. Cassidy
**LAW OFFICE OF JANICE A. CASSIDY**
P. O. Box 592
San Benito, TX 78586

_____
Craig H. Vittitoe

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

RITA SALINAS ELDERKIN   :

           :

VS.          :    **CIVIL ACTION NO. B-01-055**

           :       (JURY DEMANDED)

STATE FARM MUTUAL AUTOMOBILE :

INSURANCE COMPANY    :

---

### DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S SECOND REQUEST FOR ADMISSIONS TO PLAINTIFF, RITA SALINAS ELDERKIN

---

TO: Plaintiff, **RITA SALINAS ELDERKIN**, by and through her attorney of record:

   Ms. Janice A. Cassidy
   **LAW OFFICE OF JANICE A. CASSIDY**
   550 N. Sam Houston
   P. O. Box 592
   San Benito, TX 78586

   This Second set of Request for Admissions are made under Federal Rules of Civil Procedure, Rule 36, and each of the matters of which an admission shall be deemed admitted unless the party to whom the Request is directed, delivers or causes to be delivered to the party requesting the Admissions, or their attorney of record, a sworn statement within thirty (30) days after the delivery of this Request, or within such further time as the Court may allow on Motion and Notice, either denying specifically the matters of which an admission is requested, or setting forth in detail the reasons why the respondent cannot truthfully either admit or deny those matters. Any admission made pursuant to this Request is for the purpose of this pending action only, does not

```
┌─────────────────┐
│       EXHIBIT    │
│      "A"         │
└─────────────────┘
```

constitute an admission by the respondent for any other purpose, and may not be used against the respondent in any other proceedings.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, Texas 78551-1429
956-428-7495
956-428-2954 (Fax)

By: _____
CRAIG H. VITTITOE
State Bar No. 20593900

ATTORNEYS FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of the above and foregoing instrument was forwarded to the following attorney of record, on this the _27_ day of June, 2001:

**VIA CM/RRR NO. 7000 1670 0013 4635 2876**

Ms. Janice A. Cassidy
**LAW OFFICE OF JANICE A. CASSIDY**
P. O. Box 592
San Benito, TX 78586

_____
Craig H. Vittitoe

## DEFENDANT'S SECOND SET OF REQUEST FOR ADMISSIONS TO PLAINTIFF, RITA SALINAS ELDERKIN

1.     Admit that Ruth V. Quinones was afforded automobile liability insurance coverage in the amount of $20,000 at the time of the accident made the basis of this suit.


**RESPONSE:**


2.     Admit that Rita Salinas Elderkin settled her claims and causes of action against Ruth V. Quinones for the sum of $20,000 in liability insurance coverage.


**RESPONSE:**


3.     Admit that State Farm Mutual Automobile Insurance Company offered to settle the underinsured motorist claim of Rita Salinas Elderkin for the sum of $500 prior to the filing of this lawsuit.

**RESPONSE:**


4.     Admit that Janice A. Cassidy initially wrote State Farm of her legal representation of Rita B. Salinas (Elderkin) by correspondence dated June 13, 1997.

**RESPONSE:**


5.     Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated June 23, 1997, a copy of which is attached and marked as Exhibit "A".


**RESPONSE:**

6.     Admit that an Application for Benefits form was enclosed in State Farm's correspondence of June 23, 1997.

**RESPONSE:**

7.     Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated July 9, 1997, a copy of which is attached and marked as Exhibit "B".

**RESPONSE:**

8.     Admit that Janice A. Cassidy returned the signed Application for Benefits form to State Farm by correspondence dated September 23, 1997.

**RESPONSE:**

9.     Admit that Rita Salinas Elderkin did not provide a recorded statement to State Farm as requested in State Farm's letter of July 9, 1997.

**RESPONSE:**

10.    Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated October 20, 1997, a copy of which is attached and marked as Exhibit "C".

**RESPONSE:**

11.    Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated October 20, 1997, a copy of which is attached and marked as Exhibit "D".

**RESPONSE:**

12.    Admit that Rita Salinas Elderkin did not provide an executed medical authorization as requested in State Farm's letter of October 20, 1997, prior to the filing of this lawsuit.

**RESPONSE:**

13.    Admit that Rita Salinas Elderkin did not provide a final repair bill as requested by State Farm in its letter of October 20, 1997, prior to the filing of this lawsuit.

**RESPONSE:**

14.    Admit that Rita Salinas Elderkin did not provide any photographs depicting damages to her 1986 Chevrolet Cavalier as requested by State Farm in its letter of October 20, 1997, prior to the filing of this lawsuit.

**RESPONSE:**

15.    Admit that State Farm in its letter addressed to Janice A. Cassidy dated December 18, 1997 consented to the Plaintiff's "settlement of your client's claim with the liability carrier", as previously requested.

**RESPONSE:**

16.     Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State
        Farm's correspondence dated January 14, 1998, a copy of which is attached and
        marked as Exhibit "E".


**RESPONSE:**


17.     Admit that Rita Salinas Elderkin did not provide a medical authorization as
        requested by State Farm in its letter of January 14, 1998, prior to the filing of this
        lawsuit.

**RESPONSE:**


18.     Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State
        Farm's correspondence dated March 11, 1998, a copy of which is attached and
        marked as Exhibit "F".


**RESPONSE:**


19.     Admit that Rita Salinas Elderkin did not provide an Authorization to Furnish
        Information form, as requested prior to the filing of this lawsuit.


**RESPONSE:**


20.     Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State
        Farm's correspondence dated December 3, 1998, a copy of which is attached and
        marked as Exhibit "G".


**RESPONSE:**

21. Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated January 28, 1999, a copy of which is attached and marked as Exhibit "H".

**RESPONSE:**

22. Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated April 26, 1999, a copy of which is attached and marked as Exhibit "I".

**RESPONSE:**

23. Admit that Rita Salinas Elderkin did not provide the additional information to State Farm regarding her loss wage claim as requested prior to the filing of this lawsuit.

**RESPONSE:**

24. Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated September 14, 1999, a copy of which is attached and marked as Exhibit "J".

**RESPONSE:**

25. Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated May 16, 2000, a copy of which is attached and marked as Exhibit "K".

**RESPONSE:**

26.    Admit that Rita Salinas Elderkin did not provide a medical authorization as requested by State Farm prior to the filing of this lawsuit.

**RESPONSE:**

27.    Admit that Rita Salinas Elderkin did not provide any photographs depicting damages to her 1986 Chevrolet Cavalier as requested by State Farm prior to the filing of this lawsuit.

**RESPONSE:**

28.    Admit that Rita Salinas Elderkin did not provide a final repair bill as requested by State Farm prior to the filing of this lawsuit.

**RESPONSE:**

29.    Admit that Rita Salinas Elderkin did not provide a recorded statement to State Farm as requested prior to the filing of this lawsuit.

**RESPONSE:**

30.    Admit that as of the time of the receipt of these Request for Admissions that Rita Salinas Elderkin has not provided a recorded statement to State Farm as requested.

**RESPONSE:**

31.    Admit that Plaintiff, Rita Salinas Elderkin, failed to fully and completely answer interrogatory number 25 as follows:

> Identify the facts and documentary evidence supporting the claim of Rita Salinas Elderkin that she incurred a loss wage claim of $21,000.

**RESPONSE**:


32.    Admit that Rita Salinas Elderkin answered interrogatory number 25, as stated above, with the following response:

> "Will supply." [and such has not been subsequently supplemented.]

**RESPONSE**:


33.    Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated May 9, 2000, a copy of which is attached and marked as Exhibit "L".

**RESPONSE**:


34.    Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated December 7, 2000, a copy of which is attached and marked as Exhibit "M".

**RESPONSE**:

35. Admit that the insurance policy made the subject of this lawsuit includes the following provisions, terms and conditions:

PART E - DUTIES AFTER AN ACCIDENT OR LOSS

GENERAL DUTIES

A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of all notices or legal papers received in connection with the accident or loss.

3. Submit, as often as reasonably require, to physical exams by physicians we select. We will pay for these exams.

4. Authorize us to obtain:
    a) medical report; and

    b) other pertinent records.

5. When required by us:
    a) submit to a sworn proof of loss;

    b) submit to examination under oath.

**RESPONSE:**

# State Farm Insurance Companies



HARLINGEN SERVICE CENTER
P.O. BOX 531768
505 S. "F" ST.
HARLINGEN, TX 78553-1768
PHONE: 210-427-8200

June 23, 1997

Janice A. Cassidy
Attoney At Law
P.O. Box 592
San Benito, TX 78586


RE:  Claim Number:  53-C011-546
     Date of Loss:  May 8, 1997
     Our Insured:   Rita B. Salinas
     Your Client:   Rita B. Salinas

Dear Ms. Cassidy:

Enclosed please find an Application for Benefits form.  This form should be completed on both sides and returned to us.  This will enable us to process any claim you may be filing under the Personal Injury Protection Coverage.

Medical bills should be itemized if at all possible.  Claims for reimbursement of prescribed medication should be identified by brand name.

Additionally, please contact the Claim Representative at your earliest convenience to make arrangements for a recorded statement and obtain photos of the vehicle involved.  Thank you for your cooperation in this matter.


Sincerely,



Rosie L. Salinas
Claim Specialist
(210) 427-8216

State Farm Mutual Automobile Insurance Company

COPY

HOME OFFICES:  BLOOMINGTON, ILLINOIS 61710-0001



EXHIBIT

*A*

# State Farm Insurance Companies



HARLINGEN SERVICE CENTER
P.O. BOX 531768
505 S. "P" ST.
HARLINGEN, TX 78553-1768
PHONE: 956-427-8200

July 9, 1997

Janice A. Cassidy
Attorney At Law
P.O. Box 592
San Benito, TX 78586


RE:  Our Insured : Rita B. Elderkin
     Claim Number: 53-C011-546
     Date of Loss: May 8, 1997

Dear Ms. Cassidy:

Acknowledgment is hereby made of your representation on behalf of
Rita B. Elderkin for her Personal Injury Protection and
Underinsured Motorist claims.   I am requesting the recorded
statement of Ms. Elderkin.  Call me so we can set up an
appointment for the statement.

We have already sent you the Application for Benefits form to be
completed by Ms. Elderkin.  As soon as we recieve the completed
form, we will process the bills you presented for payment.  So
there will be no delay in our issuing payment, please send us an
itemized statement for the Valley Baptist Medical Center billing.

Also, enclosed is an Authorization to Provide Information.  Have
Ms. Elderkin complete the form and return it to our office as
soon as possible.


Sincerely,



Rosie L. Salinas
Claim Specialist
(956) 427-8216

State Farm Mutual Automobile Insurance Company

COPY

EXHIBIT
"B"

HOME OFFICES:  BLOOMINGTON, ILLINOIS 61710-0001

# State Farm Insurance Companies



HARLINGEN SERVICE CENTER
P.O. BOX 531768
505 S. "P" ST.
HARLINGEN, TX 78553-1768
PHONE: 956-427-8200

October 20, 1997

Janice A. Cassidy
Attoney At Law
P.O. Box 592
San Benito, TX 78586

RE: Claim Number: 53-C011-546
Date of Loss: May 8, 1997
Our Insured: Rita B. Salinas   Client: Rita B. Salinas

Dear Ms. Cassidy:

Enclosed you will find a medical authorization which will allow us to obtain the necessary medical documentation at our expense to evaluate your client's claim.  Please have your client complete this form and return it to me as soon as possible.

I also need a complete list of your client's health care providers, their addresses and phone numbers.  Please include copies of any and all medical bills you have received to date.

Sincerely,

Rosie L. Salinas
Claim Specialist
(956) 427-8216

State Farm Mutual Automobile Insurance Company





EXHIBIT
"C"

HOME OFFICES:  BLOOMINGTON, ILLINOIS 61710-0001

CLAIM # __53-C011-546_____

## AUTHORIZATION TO PROVIDE INFORMATION

I, _____Rita B. Salinas_____, authorize
                            **(INJURED PERSON)**

1) any medical, osteopathic or chiropractic physician, any dentist, hospital, clinic, rehabilitation facility, or other medical practitioner or provider who has or is or will be furnishing services to me to provide my medical and dental information, including history, treatment, diagnosis, prognosis, billing records and

2) any firm, employer, or insurance company to furnish information about my earnings, loss of earnings, work history, and medical information in their possession to

any State Farm Insurance Company and its claim or legal representatives.

This information is authorized to permit processing of a claim I have made against any State Farm Insurance Company and/or their insureds arising out of an accident or occurrence on _____May 8_____, (year)_1997____.

This authorization is valid for the duration of the claim, and I agree a photocopy of it is as valid as the original.

I have read this authorization and acknowledge I or a person authorized by me will receive a copy of this authorization upon request.

Date: _____, (year) _____

_____
**SIGNATURE OF PATIENT/EMPLOYEE, PERSONAL REPRESENTATIVE, OR NEXT OF KIN**

_____
**SOCIAL SECURITY NUMBER**
**(For use by the provider of information to locate records.)**

_____
**DATE OF BIRTH OF INJURED PERSON**

# State Farm Insurance Companies



HARLINGEN SERVICE CENT
P.O. BOX 531768
505 S. "F" ST.
HARLINGEN, TX 78553-170
PHONE: 956-427-8200

October 20, 1997

Janice A. Cassidy
Attoney At Law
P.O. Box 592
San Benito, TX 78586

RE:  Claim Number:  53-C011-546
     Date of Loss:  May 8, 1997
     Our Insured:   Rita B. Salinas    Client: Rita B. Salinas

Dear Ms. Cassidy:

Please provide us with the final repair bill and any photographs you have available of the damage to your client's 1986 Chevrolet Cavalier.

Thank you for your cooperation.

Sincerely,


Rosie L. Salinas
Claim Specialist
(956) 427-8216

State Farm Mutual Automobile Insurance Company



HOME OFFICES:  BLOOMINGTON, ILLINOIS 61710-0001



EXHIBIT
"D"

# State Farm Insurance Companies



**HARLINGEN SERVICE CEN**
P.O. BOX 531768
505 S. "P" ST.
HARLINGEN, TX 78553-17
PHONE: 956-427-8200

January 14, 1998

Janice A. Cassidy
Attorney At Law
P.O. Box 592
San Benito, TX 78586

RE:  Claim Number:  53-C011-546
     Date of Loss:  May 8, 1997
     Our Insured:   Rita B. Salinas

Dear Ms. Cassidy:

Enclosed is a medical authorization.  Please have Ms.  Salinas
complete this form and return it to us as soon as possible.

A return envelope is enclosed for your convenience.

Sincerely,


Rosie L. Salinas
Claim Specialist
(956) 427-8216

State Farm Mutual Automobile Insurance Company

**COPY**

HOME OFFICES:  BLOOMINGTON, ILLINOIS 61710-0001



EXHIBIT
"E"

# State Farm Insurance Companies



**STATE FARM INSURANCE**

HARLINGEN SERVICE CENTER
P.O. BOX 531768
505 S. "P" ST.
HARLINGEN, TX 78553-1768
PHONE: 956-427-8200

March 11, 1998

Janice A. Cassidy
Attorney At Law
P.O. Box 592
San Benito, TX 78586

RE:  Claim Number:  53-C011-546
     Date of Loss:  May 8, 1997
     Your Client:   Rita B. Salinas
     Our Insured:   Rita B. Salinas

Dear Ms. Cassidy:

Please accept this as a reminder that your client's injury claim
is still pending with State Farm.  Please forward all medical
bills and reports as soon as they are available so that I may
evaluate this claim.

I have enclosed another Authorization to Furnish Information
form. Have Ms. Salinas complete this form and return it to us
with the information we request.

I will look forward to hearing from you in the near future.

Sincerely,

Rosie L. Salinas
Claim Specialist
(956) 427-8216

State Farm Mutual Automobile Insurance Company





EXHIBIT

F

# State Farm Insurance Companies



HARLINGEN SERVICE CENTER
P.O. BOX 531768
505 S. "P" ST.
HARLINGEN, TX 78553-1768
PHONE: 956-427-8200

December 3, 1998

Janice A. Cassidy
Attorney At Law
P.O. Box 592
San Benito, TX 78586

RE:  Claim Number:  53-C011-546
     Date of Loss:  May 8, 1997
     Our Insured:   Rita B. Salinas

Dear Ms. Cassidy:

Please send me an update on the lost wage claim you are
presenting on behalf of Ms. Salinas.

Also, can you update me on the status of your negotiations with
TIG Insurance.

Sincerely,

Rosie L. Salinas
Claim Specialist
(956) 427-8216

State Farm Mutual Automobile Insurance Company





EXHIBIT
"G"

# State Farm Insurance Companies



HARLINGEN SERVICE CENTER
P.O. BOX 531768
505 S. "P" ST.
HARLINGEN, TX 78553-1768
PHONE: 956-427-8200

January 28, 1999

Janice A. Cassidy
Attoney At Law
P.O. Box 592
San Benito, TX 78586

RE:  Claim Number:  53-C011-546
     Date of Loss:  May 8, 1997
     Our Insured:   Rita B. Salinas

Dear Ms. Cassidy:

We are again requesting an update on the lost wage claim you are
presenting on behalf of Ms. Salinas.

Also, can you update me on the status of your negotiations with
TIG Insurance.

Sincerely,


Rosie L. Salinas
Claim Specialist
(956) 427-8216

State Farm Mutual Automobile Insurance Company





EXHIBIT

"H"

HOME OFFICES:  BLOOMINGTON, ILLINOIS 61710-0001

# State Farm Mutual Automobile Insurance Company



Harlingen Service Center
PO Box 531768
Harlingen, TX 78553-1768

April 26, 1999

Janice A. Cassidy
Attorney at Law
P.O. Box 592
San Benito, Texas 78586

RE:   Your Client:     Rita B. Salinas
      Our Insured:     Rita B. Salinas
      Claim Number:    53-C011-546

Dear Ms. Cassidy:

Please accept this as a reminder that your client's injury claim
is still pending with State Farm. Please forward all medical
bills and reports as soon as they are available so that I may
evaluate this claim.

We are again requesting an update on the lost wage claim you are
presenting on behalf of Ms. Salinas.

Also, can you update me on the status of your negotiations with
TIG Insurance.

I look forward to your reply.

Sincerely,



Rosie L. Salinas
Claim Specialist
(956) 427-8216

RLS/co 033/04260052

EXHIBIT
"I"

# State Farm Mutual Automobile Insurance Company



Harlingen Service Center
PO Box 531768
Harlingen, TX 78553-1768

September 14, 1999

Janice A. Cassidy
Attorney at Law
P.O. Box 592
San Benito, TX 78586

RE:   Your Client:   Rita B. Salinas
      Our Insured:   Rita B. Salinas
      Claim Number:  53-C015-546

Dear Ms. Cassidy:

Please accept this as a reminder that your client's injury claim
is still pending with State Farm.  Please forward all medical
bills and reports as soon as they are available so that I may
evaluate this claim.

We are again requesting an update on the lost wage claim you are
presenting on behalf of Ms. Salinas.

Also, can you update me on the status on your negotiations with
TIT Insurance.

I look forward to your reply.

Sincerely,



Rosie L. Salinas
Claim Specialist
(956) 427-8216

RLS/dls5/919/09140002


EXHIBIT

# State Farm Insurance Companies



HARLINGEN SERVICE CENTER
P.O. BOX 531768
505 S. "P" ST.
HARLINGEN, TX 78553-1768
PHONE: 956-427-8200

May 16, 2000

Janice A. Cassidy
Attorney At Law
P.O. Box 592
San Benito, TX 78586

RE:   Claim Number:   53-C011-546
      Date of Loss:   May 8, 1997
      Our Insured:    Rita B. Salinas

Dear Ms. Cassidy:

Pursuant to our request of September 14, 1999 and your correspondence of October 28, 1999, we are requesting that you provide us with the documentation of the claim for $21,000.00 in lost earnings regarding your client Rita B. Salinas.

Your attention is appreciated.

Sincerely,


Rosie L. Salinas
Claim Specialist
(956) 427-8216

State Farm Mutual Automobile Insurance Company



EXHIBIT
"K"

State Farm Insurance Companies



HARLINGEN SERVICE CEN
P.O. BOX 531768
505 S. "P" ST.
HARLINGEN, TX 78553-1,
PHONE: 956-427-8200

May 9, 2000

Janice A. Cassidy
Attoney At Law
P.O. Box 592
San Benito, TX 78586

RE:   Claim Number:  53-C011-546
      Date of Loss:  May 8, 1997
      Our Insured:   Rita B. Salinas
      Your Client:   Rita B. Salinas

Dear Ms. Cassidy:

We have concluded our evaluation of the claim pending for Rita B.
Salinas. Based upon the documentation you have provided we are
offering $500.00 to conclude your client's claim.

Once you have had the opportunity to discuss this offer with your
client, please contact me so that we may get this matter
concluded.  If you have additional documentation to support your
client's claim, please forward it to me as soon as possible.

Sincerely,

Rosie L. Salinas
Claim Specialist
(956) 427-8216

State Farm Mutual Automobile Insurance Company



HOME OFFICES:  BLOOMINGTON, ILLINOIS 61710-0001



EXHIBIT
"L"

# State Farm Insurance Companies



HARLINGEN SERVICE CEN[...]
P.O. BOX 531768
505 S. "P" ST.
HARLINGEN, TX 78553-17[...]
PHONE: 956-427-8200

December 7, 2000

Janice A. Cassidy
Attoney At Law
P.O. Box 592
San Benito, TX 78586

RE:  Claim Number: 53-C011-546
     Date of Loss:  May 8, 1997
     Our Insured:   Rita B. Salinas
     Your Client:   Rita B. Salinas

Dear Janice Cassidy:

Per our conversation on 12/07/00, it appears we have a difference
of opinion concerning the value of this claim. I feel that the
offer we have made to you of $500.00 is fair and reasonable
considering the injuries sustained by your client. If you have
additional documentation, please forward it to me.

Sincerely,

Gary Gonzalez
Senior Claim Representative
(956) 427-8215

State Farm Mutual Automobile Insurance Company



HOME OFFICES:  BLOOMINGTON, ILLINOIS 61710-0001



EXHIBIT

"M"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## SOUTHERN DIVISION

RITA SALINAS ELDERKIN          {
                               {
           vs.                 {          CIVIL ACTION NO. B-01-055
                               {
STATE FARM MUTUAL AUTOMOBILE   {
INSURANCE COMPANY              {

### PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS (SECOND SET) PROPOUNDED BY STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

TO:   Defendant, State Farm Mutual Automobile Insurance Company, by and through its Attorney of Record, Craig H. Vittitoe

Pursuant to Texas Rules of Civil Procedure and any Scheduling Order on file in this cause, Plaintiff files her Responses and Objections to Request for Admissions (Second Set) propounded by State Farm Mutual Automobile Insurance Company.

Respectfully submitted.

JANICE A. CASSIDY, P.C.

By _Janice A Cassidy_
   JANICE A. CASSIDY
   Attorney for Plaintiff
   P. O. Box 592
   San Benito, TX 78586
   (956) 399-3327
   (956) 399-0688 FAX
   SBOT 03979210
   Cameron Co. 191601



EXHIBIT
"B"

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Responses to Defendant's Request for Admissions (Second Set) was sent via regular mail with certificate of mailing this 30th day of July 2001 to the following:

Attorney Craig H. Vittitoe
Adams & Graham, L.L.P.
222 East Van Buren, West Tower
P. O. Drawer 1429
Harlingen, TX 78551

By _Janice A Cassidy_
JANICE A. CASSIDY

Requests 4 through 8 inclusive.

Objection.  Plaintiff objects to the information sought because it requires that she verify the actions of someone other than herself.  To the extent that a document was received or sent by Plaintiff's Attorney and can be located in Plaintiff's file, Plaintiff admits these requests.

Request No. 9.          Admitted.

Request No. 10 and 11:

Objection.  Plaintiff objects to the information sought because it requires that she verify the actions of someone other than herself.  To the extent that such a document was received or sent by Plaintiff's Attorney and can be located in Plaintiff's file, Plaintiff admits these requests.

Request No. 12:          Admitted.

Request No. 13 and 14:

Denied.  Plaintiff denies upon review of her file that a request dated October 20, 1997 was received.

Request No. 15:          Admitted.

Request No. 16.

Objection.  Plaintiff objects to the information sought because it requires that she verify the actions of someone other than herself.  To the extent that such a document was received or sent by Plaintiff's Attorney and can be located in Plaintiff's file, Plaintiff admits this request.

Request No. 17:          Admitted.

Request No. 18:

Objection.  Plaintiff objects to the information sought because it requires that she verify the actions of someone other than herself.  To the extent that such a document was received or sent by Plaintiff's Attorney and can be located in Plaintiff's file, Plaintiff admits this request.

Request No. 19:          Admitted.

Request No. 20 through 22 inclusive:

Objection.   Plaintiff objects to the information sought because it requires that she verify the actions of someone other than herself. To the extent that such a document was received or sent by Plaintiff's Attorney and can be located in Plaintiff's file, Plaintiff admits this request.

Request No. 23:

Objection.  Plaintiff objects due to the vagueness of the request and the meaning of "additional information."   Plaintiff submitted verification regarding her wage loss claim.

Request No. 24 and 25.

Objection.   Plaintiff objects to the information sought because it requires that she verify the actions of someone other than herself. To the extent that such a document was received or sent by Plaintiff's Attorney and can be located in Plaintiff's file, Plaintiff admits these requests.

Request No. 26 through 29.

Objection.   Same answer as the prior two requests on these subjects. Plaintiff objects to the redundancy of these requests which have been propounded solely to harass her.

Request No. 30.      Denied.   Plaintiff has provided a sworn deposition transcript providing all relevant information.

Request No. 31.

Objection.  Plaintiff objects to this request in that it calls for a legal conclusion as to what "fully and completely answer" means.    Plaintiff has provided answers to discovery requests propounded by defendant, Quinones, answers to discovery requests propounded by State Farm, her deposition transcript, letter of medical necessity indicating her need for surgery and letter from her former employer confirming her employment and rate of pay and reason for leaving employment.

Request No. 32.      Admitted.

Request No. 33 and 34.

Objection.    Plaintiff objects to the information sought because it requires that she verify the actions of someone other than herself. To the extent that such a document was received or sent by Plaintiff's Attorney and can be located in Plaintiff's file, Plaintiff admits this request.

Request No. 35.

Denied.    Plaintiff is unable to confirm or deny this request because she does not have her insurance policy and this information is in the hands of Defendant.    Plaintiff has complied with all provisions as indicated in this request in that all pertinent information was provided to Defendant to enable Defendant to pay this claim in accordance with the coverage purchased by Plaintiff from Defendant for which Defendant received payment of a premium.

**DEFENDANT'S SECOND SET OF REQUEST FOR ADMISSIONS TO
PLAINTIFF, RITA SALINAS ELDERKIN**

1.    Admit that Ruth V. Quinones was afforded automobile liability insurance coverage
      in the amount of $20,000 at the time of the accident made the basis of this suit.

**RESPONSE:**      Admitted.

2.    Admit that Rita Salinas Elderkin settled her claims and causes of action against
      Ruth V. Quinones for the sum of $20,000 in liability insurance coverage.

**RESPONSE:**      Admitted.

3.    Admit that State Farm Mutual Automobile Insurance Company offered to settle the
      underinsured motorist claim of Rita Salinas Elderkin for the sum of $500 prior to
      the filing of this lawsuit.

**RESPONSE:**

4.    Admit that Janice A. Cassidy initially wrote State Farm of her legal representation
      of Rita B. Salinas (Elderkin) by correspondence dated June 13, 1997.

**RESPONSE:** Objection.   Request seeks information concerning actions
            of someone other than respondent and thus is an improper
            Request.

5.    Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State
      Farm's correspondence dated June 23, 1997, a copy of which is attached and
      marked as Exhibit "A".

           Objection.   Request seeks information concerning acts of
**RESPONSE:** someone other than respondent and thus is an improper
            request.

6.     Admit that an Application for Benefits form was enclosed in State Farm's correspondence of June 23, 1997.


**RESPONSE**:


7.     Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated July 9, 1997, a copy of which is attached and marked as Exhibit "B".


**RESPONSE**:


8.     Admit that Janice A. Cassidy returned the signed Application for Benefits form to State Farm by correspondence dated September 23, 1997.


**RESPONSE**:


9.     Admit that Rita Salinas Elderkin did not provide a recorded statement to State Farm as requested in State Farm's letter of July 9, 1997.


**RESPONSE**:


10.    Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated October 20, 1997, a copy of which is attached and marked as Exhibit "C".


**RESPONSE**:

11. Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated October 20, 1997, a copy of which is attached and marked as Exhibit "D".

**RESPONSE:**

12. Admit that Rita Salinas Elderkin did not provide an executed medical authorization as requested in State Farm's letter of October 20, 1997, prior to the filing of this lawsuit.

**RESPONSE:**

13. Admit that Rita Salinas Elderkin did not provide a final repair bill as requested by State Farm in its letter of October 20, 1997, prior to the filing of this lawsuit.

**RESPONSE:**

14. Admit that Rita Salinas Elderkin did not provide any photographs depicting damages to her 1986 Chevrolet Cavalier as requested by State Farm in its letter of October 20, 1997, prior to the filing of this lawsuit.

**RESPONSE:**

15. Admit that State Farm in its letter addressed to Janice A. Cassidy dated December 18, 1997 consented to the Plaintiff's "settlement of your client's claim with the liability carrier", as previously requested.

**RESPONSE:**

16.  Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated January 14, 1998, a copy of which is attached and marked as Exhibit "E".

**RESPONSE**:

17.  Admit that Rita Salinas Elderkin did not provide a medical authorization as requested by State Farm in its letter of January 14, 1998, prior to the filing of this lawsuit.

**RESPONSE**:

18.  Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated March 11, 1998, a copy of which is attached and marked as Exhibit "F".

**RESPONSE**:

19.  Admit that Rita Salinas Elderkin did not provide an Authorization to Furnish Information form, as requested prior to the filing of this lawsuit.

**RESPONSE**:

20.  Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated December 3, 1998, a copy of which is attached and marked as Exhibit "G".

**RESPONSE**:

21.   Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated January 28, 1999, a copy of which is attached and marked as Exhibit "H".


**RESPONSE:**


22.   Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated April 26, 1999, a copy of which is attached and marked as Exhibit "I".


**RESPONSE:**


23.   Admit that Rita Salinas Elderkin did not provide the additional information to State Farm regarding her loss wage claim as requested prior to the filing of this lawsuit.


**RESPONSE:**


24.   Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated September 14, 1999, a copy of which is attached and marked as Exhibit "J".


**RESPONSE:**


25.   Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated May 16, 2000, a copy of which is attached and marked as Exhibit "K".


**RESPONSE:**

26.     Admit that Rita Salinas Elderkin did not provide a medical authorization as requested by State Farm prior to the filing of this lawsuit.

**RESPONSE**:

27.     Admit that Rita Salinas Elderkin did not provide any photographs depicting damages to her 1986 Chevrolet Cavalier as requested by State Farm prior to the filing of this lawsuit.

**RESPONSE**:

28.     Admit that Rita Salinas Elderkin did not provide a final repair bill as requested by State Farm prior to the filing of this lawsuit.

**RESPONSE**:

29.     Admit that Rita Salinas Elderkin did not provide a recorded statement to State Farm as requested prior to the filing of this lawsuit.

**RESPONSE**:

30.     Admit that as of the time of the receipt of these Request for Admissions that Rita Salinas Elderkin has not provided a recorded statement to State Farm as requested.

**RESPONSE**:

31.    Admit that Plaintiff, Rita Salinas Elderkin, failed to fully and completely answer interrogatory number 25 as follows:

> Identify the facts and documentary evidence supporting the claim of Rita Salinas Elderkin that she incurred a loss wage claim of $21,000.

**RESPONSE:**

32.    Admit that Rita Salinas Elderkin answered interrogatory number 25, as stated above, with the following response:

> "Will supply." [and such has not been subsequently supplemented.]

**RESPONSE:**

33.    Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated May 9, 2000, a copy of which is attached and marked as Exhibit "L".

**RESPONSE:**

34.    Admit the genuineness, authenticity and receipt by Janice A. Cassidy of State Farm's correspondence dated December 7, 2000, a copy of which is attached and marked as Exhibit "M".

**RESPONSE:**

35.   Admit that the insurance policy made the subject of this lawsuit includes the following provisions, terms and conditions:

PART E - DUTIES AFTER AN ACCIDENT OR LOSS

GENERAL DUTIES

A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of all notices or legal papers received in connection with the accident or loss.

3. Submit, as often as reasonably require, to physical exams by physicians we select.  We will pay for these exams.

4. Authorize us to obtain:
    a) medical report; and

    b) other pertinent records.

5. When required by us:
    a) submit to a sworn proof of loss;

    b) submit to examination under oath.

**RESPONSE**:

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

RITA SALINAS ELDERKIN     :

                  :

VS.                 :       **CIVIL ACTION NO. B-01-055**

                  :             (JURY DEMANDED)

STATE FARM MUTUAL AUTOMOBILE   :

INSURANCE COMPANY       :

---

## ORDER SETTING HEARING ON DEFENDANT'S MOTION TO DETERMINE PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS (SECOND SET)

---

BE IT REMEMBERED, that on the date shown below **DEFENDANT'S MOTION TO DETERMINE PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS (SECOND SET)** having been presented to the Court, the Court is of the opinion that said motion should be set for hearing;

  *IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED* by the Court that **DEFENDANT'S MOTION TO DETERMINE PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS (SECOND SET)** should be and the same is hereby set for hearing before this Court at _____ o'clock _____.m. on the _____ day of _____, 2001.

  Clerk is to notify all counsel of record.

  DONE this the _____ day of _____, 2001 in Brownsville, Texas.

_____

***UNITED STATES DISTRICT JUDGE***
*SOUTHERN DISTRICT OF TEXAS*
*BROWNSVILLE DIVISION*

*Copies to:*

Craig H. Vittitoe
**ADAMS & GRAHAM, L.L.P.**
P.O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, TX 78551-1429

Janice Cassidy
**LAW OFFICE OF JANICE A. CASSIDY**
550 N. Sam Houston
P.O. Box 592
San Benito, TX 78586